ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MINNESOTA LABORERS HEALTH AND WELFARE FUND; MINNESOTA LABORERS PENSION FUND; MINNESOTA LABORERS VACATION FUND; CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA; MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST,

Plaintiffs,

vs.

GIBSONS CONSTRUCTION ENTERPRISES, INC.,

Defendant.

Civil No. 01-CV-2110 PAM/RLE

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND**
**<u>ORDER FOR DEFAULT JUDGMENT</u>**

This matter was heard before the undersigned on the 24th day of January, 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Defendant GibSons Construction Enterprises, Inc. was served with a Summons and Complaint in this matter on November 23, 2001.

2. Defendant has failed to file and serve an Answer to the Summons and Complaint.

3. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing

FILED JAN 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 24 2002
DEPUTY CLERK

laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439, as the administrative agent designated by the Trustees.

4. Defendant accepted and agreed to be bound several Collective Bargaining Agreements with the Laborers District Council of Minnesota and North Dakota. The Agreements obligate Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

5. The Agreements also require the employer, such as Defendant, to submit payroll and employment records for audit by the Plaintiffs, to determine its compliance with the reporting obligations.

6. Defendant produced a set of records for the period of January 1999 through December 2000. The Funds determined that contributions in the amount of $7,135.78 are due for that period.

7. Defendant submitted the reports for the months of September and October, 2001. Although Defendant submitted checks for the amounts disclosed to be due, Defendant stopped payment on those checks, and Plaintiffs have not yet received payment for the amounts due.

8. Defendant also submitted the report for November 2001, and included a payment in the amount of $731.34.

9. The amount due for fringe benefit contributions for the months of September, October, and November, 2001 is $49,397.67.

10. Plaintiffs also requested that Defendant produce records for the period of January 2001 through the present, in order to complete a second audit. Defendant has refused to produce its records.

11. The Collective Bargaining Agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions. The liquidated damages for the audit total $713.58, and the liquidated damages for the reports for September, October, and November total $4,939.77.

12. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

**CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant owes at least $62,186.80 for contributions and liquidated damages for the audit period of January 1999 through December 2000 and for the reports for September, October, and November, 2001. Defendant is entitled to a credit in the amount of $731.34.

3. Defendant is required to produce its payroll and employment records for an audit.

4. Defendant is liable for all unpaid contributions, determined to be due from the audit, liquidated damages, interest, plus the Plaintiffs reasonable fees and costs.

**ORDER**

**IT IS ORDERED:**

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs shall have judgment against Defendant GibSons Construction Enterprises, Inc. in the amount of $61,455.46.

3. That Defendant shall produce for inspection and audit a complete set of the following business records for the period January 2001 through the present:

a. All payroll journals;

b All time cards;

c. All Internal Revenue 941 quarterly report forms;

d. All Internal Revenue W-2 forms for employees of Defendant and the W-3 forms;

e. Defendant's payroll check register and sequential canceled checks from Defendant's payroll account; and

f. All Internal Revenue 1099 and 1096 forms for 1997 through 1999.

4. Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

5. Production and inspection shall occur within ten (10) days of entry of this order at the premises of Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439.

6. The only issues remaining to be determined in this action are the amount of Plaintiffs' damages and Plaintiffs' claim for attorney fees and costs.

7. That the amount of Plaintiffs' damages and Plaintiffs' claim for attorney fees and costs shall be determined by the Court after hearing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Jan 24, 2002

BY THE COURT

Paul A. Magnuson
Judge of District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995