ORIG...

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MINNESOTA LABORERS HEALTH AND WELFARE FUND; MINNESOTA LABORERS PENSION FUND; MINNESOTA LABORERS VACATION FUND; CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA; and MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST,

Civil No. 01-CV-2110 PAM/RLE

Plaintiffs,

**ORDER**

vs.

GIBSONS CONSTRUCTION ENTERPRISES, INC.,

Defendant.

**IT IS HEREBY ORDERED**:

1. That Plaintiffs shall have judgment against GibSons Construction Enterprises, Inc. in the amount of $20,844.53.

2. That this judgment resolves all of the Funds' claims raised by their Complaint in this matter.

3. That notwithstanding Fed.R.Civ.P. 62 or Minnesota Rule of General Practice 125, execution on this judgment may be commenced immediately.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT

Dated: December 19, 2002

FILED DEC 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. DEC 20 2002
DEPUTY CLERK

UNITED STATES DISTRICT COURT

**ORIGINAL**

DISTRICT OF MINNESOTA

MINNESOTA LABORERS HEALTH AND WELFARE FUND; MINNESOTA LABORERS PENSION FUND; MINNESOTA LABORERS VACATION FUND; CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA; and MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST,

Civil No. 01-CV-2110 PAM/RLE

Plaintiffs,

**STIPULATION AND ORDER**
**FOR ENTRY OF JUDGMENT**

vs.

GIBSONS CONSTRUCTION ENTERPRISES, INC.,

Defendant.

This Agreement is made and entered into by and between the Minnesota Laborers Health and Welfare Fund, Minnesota Laborers Pension Fund, Minnesota Laborers Vacation Fund, Construction Laborers' Education and Training Fund of Minnesota and North Dakota, and Minnesota Laborers Employers Cooperation and Education Trust (hereinafter "Funds") and GibSons Construction Enterprises, Inc.

WHEREAS, the Funds have claimed in the above-captioned matter against GibSons Construction Enterprises, Inc., designated as United States District Court File No. 01-CV-2110 PAM/RLE, filed in the United States District Court, District of Minnesota, that Defendant GibSons Construction Enterprises, Inc. owes certain amounts to the Funds for fringe benefit contributions; and

WHEREAS, GibSons Construction Enterprises, Inc. previously agreed that a portion of the amounts claimed by the Funds in the Complaint was due and owing;

WHEREAS, the parties now desire to finally resolve this matter and the Funds' claims;

NOW, THEREFORE, the parties hereto stipulate and agree as follows:

1. Defendant GibSons Construction Enterprises, Inc., hereby consent to a judgment in the amount of $20,844.53, being entered against it and in favor of Plaintiffs.

2. The Funds and GibSons Construction Enterprises, Inc. agree that the judgment in the amount of $9,259.88 represents the amounts due and owing for fringe benefit contributions for those amounts due per the audit of GibSons Construction Enterprises' records.

3. The Funds and GibSons Construction Enterprises, Inc. agree that the judgment in the amount of $11,584.65 represents the amounts due and owing for reasonable attorney's fees and costs directly relating to the recovery of all amounts due and owing for fringe benefit contributions.

4. GibSons Construction Enterprises, Inc. stipulates and agrees that notwithstanding Fed.R.Civ.P. 62, or Minnesota Rule of General Practice 125, judgment shall be entered immediately and waive any right to a stay of execution.

MINNESOTA LABORERS HEALTH AND WELFARE FUND
MINNESOTA LABORERS PENSION FUND
MINNESOTA LABORERS VACATION FUND
CONSTRUCTION LABORERS' EDUCATION AND TRAINING FUND OF MINNESOTA AND NORTH DAKOTA
MINNESOTA LABORERS EMPLOYERS COOPERATION AND EDUCATION TRUST

Date: 12/16/02

By: ______________________
Rod Skoog, Fund Coordinator

Date: 12/12/02

McGRANN SHEA ANDERSON CARNIVAL STRAUGHN & LAMB, CHARTERED

By: ______________________
Pamela Hodges Nissen
Att'y Reg. No.: 259810

800 Nicollet Mall, Suite 2600
Minneapolis, MN 55402
Telephone: (612)338-2525

GibSons Construction Enterprises, Inc.

Date: 12/2/02

By: ______________________

Its: President

Date: 12/4/02

FELHABER, LARSON, FENLON & VOGT P.A.

By: ______________________
Richard C. Salmen
Att'y Reg. No.: 95308

US Bank Place
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402-4302

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.